RECEIVED
IN ALEXANDRIA, LA
JUL 13 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SHEDDRICK A HARRIS | CIVIL ACTION NUMBER 05-0267 |
| VERSUS | SECTION "P" |
| WARDEN ROBERT TAPIA | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMENDATION

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, **SHEDDRICK A HARRIS**, pursuant to 28 U.S.C. §2241 on February 9, 2005. Petitioner, currently incarcerated at the United States Penitentiary in Pollock, Louisiana, names Warden Robert Tapia as respondent.

## PROCEDURAL HISTORY

Petitioner was convicted on September 28, 1990 for violations of 18 U.S.C. §§371, 1512, and 1513. [Rec. Doc. 1, p.1]. Petitioner appealed to the Sixth Circuit Court of Appeals and his conviction was affirmed on September 19, 1991. [Doc. 1 p.2]. Petitioner filed a §2255 petition on January 15, 1993. This was denied by the U.S. District Court for the Western District of Tennessee in 2:92 cv 3064. Petitioner appealed this denial to the Sixth Circuit Court of appeals and the District Courts judgement was affirmed. [Id. at Rec. 7].

Petitioner brings this petition challenging his sentence

under Section 2241. He offers two grounds in support of his claim: 1) an ex post facto violation through a misapplication of the sentencing guidelines by the sentencing court; and 2) that the sentencing court "unlawfully applied the newly amended version of 2J1.2(c)(1) on November 1, 1989, and misapplied Petitioner's base offense level by calculating his base offense using his co-conspirator's total level offense". [Doc. 1, p. 5].

## **LAW AND ANALYSIS**

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and §2255 is the proper means of attacking errors that occurred during or before sentencing. *Ojo v. INS*, 106 F.2d 680, 683 (5th Cir.1997). "A petition under §2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under [28 U.S.C.] §2255 is 'inadequate or ineffective to test the legality of his detention.' " *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990) citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Petitioner's claim for *habeas corpus* relief rests entirely upon the premise that the conviction and sentence imposed by the sentencing court are invalid. He seeks to have his conviction vacated and set aside as a result of events which occurred prior

2

to and during his sentencing. The petition is devoid of any claim solely directed to the manner in which the sentence is being executed. Thus, the instant pleading is properly construed as seeking relief pursuant to §2255 and may only be considered under §2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Cox, supra.* The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of §2255 rests with the Petitioner. *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979). A Petitioner may not avoid the limitations on filing second or successive §2255 motions by filing a §2241 petition. *Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000) Petitioner neither asserts or offers any evidence to support a claim that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. For these reasons, the undersigned is unwilling to find that the remedy afforded under §2255 is inadequate or ineffective to test the legality of petitioner's incarceration or that this court may properly entertain the present application under §2241.

Additionally, Petitioner is barred from filing a second or successive § 2255 motion in the district court without first obtaining authorization from the circuit court pursuant to 28 U.S.C. §2255 which provides in pertinent part, "A second or successive motion must be certified as provided in section 2244

by a panel of the appropriate court of appeals. ... ." Because Petitioner has filed a previous Motion to Vacate under §2255, the undersigned finds that Petitioner is required to obtain prior authorization from the appropriate court of appeals before a district court can consider a second or successive application. 28 U.S.C. §2244(b)(3)(A). The Petitioner was convicted in the U.S. District Court for the Western District of Tennessee. Therefore the appropriate court of appeals is the Sixth Circuit.

The Fifth Circuit has approved a procedure by which district courts transfer to the court of appeals successive petitions for relief under 28 U.S.C. §2255. *In Re Epps*, 127 F.3d 364 (5th Cir. 1997). The Sixth Circuit has also held that it is proper to transfer second and successive §2255 petitions for *habeas corpus* relief pursuant to 28 U.S.C. §1631 when the petition is filed in the district court without permission first sought from the appropriate court of appeals. <u>Sims v. Terbush</u> 111 F.3d 45 at 46 (6th Cir. 1997). However, the Sixth Circuit has held it is inappropriate to transfer the second and successive petition for *habeas corpus* when the petition is brought pursuant to §2241 without ruling on the §2241 petition prior to the transfer. See <u>In Re: Alvin Walker</u> 238 F.3d 426 (6th Cir. 2000).

Therefore pursuant to the Sixth Circuit precedent, the undersigned finds that petitioner fails to establish that his §2255 remedy was inadequate or ineffective allowing him to seek

4

review under §2241. This court lacks jurisdiction to review Petitioner's claims that should be construed as second and successive pursuant to section 2255.

For this reason, this court finds that this action should be **TRANSFERRED** to the appropriate court of appeals for consideration as set forth under 28 U.S.C. §§2255 and 2244 and pursuant to 28 U.S.C. §1631.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the district judge and that were**

not objected to by the aforementioned party, except upon grounds of plain error.[1]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 17th day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).